MARY. W. COTTRELL, PLAINTIFF, v. IRA BARTON CHAMPION, DEFENDANT.

Argued. October 3, 1928—Decided March 20, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the rule, *James Mercer Davis.*

*Contra, George R. Greis.*

PER CURIAM.

This is defendant's rule to show cause why plaintiff's verdict should not be set aside. The case was tried at the Cape May Circuit and the verdict was for $7,000.

The plaintiff, Mary W. Cottrell, was a passenger in a Ford sedan owned by her son and was being driven by her daughter Mary in a westerly direction on Ninth street in Ocean City. As the sedan was crossing Central avenue it was struck and overturned by a Pierce Arrow automobile owned and operated by the defendant, which was proceeding in a southerly direction on Central avenue, and at the time of the collision was attempting to make a left turn into Ninth street.

We think that there was evidence from which the jury could properly infer that the negligence of the defendant was the proximate cause of the accident, and might also lawfully conclude that the plaintiff's driver was not negligent. We also think that the jury's verdict, involving such findings, is not against the weight of the evidence.

Mary Cottrell, the driver of the Ford car, testified that upon reaching the intersection of Ninth street and Central avenue, she practically came to a stop, blew her horn and started across Central avenue, and when she started across the car of the defendant was on Central avenue "aside of the school house" and was approaching Ninth street at a speed of from forty to forty-five miles an hour, but she thought she could cross the intersection safely because the other car was "quite a distance up the block." The school house is on Central avenue and is one hundred and sixty-two feet northerly from the curb line of Ninth street. She further testified that

defendant made no effort to stop. While there was some testimony in contradiction of the foregoing testimony, it was open to the jury to find it to be true. Whether in the circumstances such conduct of the defendant was negligence, and whether it was contributory negligence upon the part of the driver of the Ford car to proceed in such circumstances, the Pierce Arrow car being upwards of one hundred and sixty-two feet away, we think was at least a fair jury question, and we are not disposed to disturb the verdict.

Also, we think, upon a careful examination of the evidence relating to damages, that the verdict for $7,000 in favor of the plaintiff cannot be said to be excessive.

The rule to show cause will be discharged.